## Dvorshock v. Dvorshock

*William J. Krencewicz,* for plaintiff.
*Williamson, Friedberg & Jones,* for defendant.

CURRAN, P. J., December 7, 1970.—Plaintiff filed a complaint in equity setting forth three causes of action. Plaintiff is the former wife of defendant and resides in the Borough of McAdoo, this county, as does defendant. The parties were married from September 3, 1950, to March 31, 1969. Prior to their marriage, on August 15, 1949, plaintiff and defendant acquired as tenants in common two lots in Hometown, Rush

Township, Schuylkill County, subject of the second cause of action.

After their marriage, on January 16, 1961, plaintiff and defendant acquired by deed property known as 26-28 South Manning Street in the Borough of McAdoo, consisting of real estate and a double frame dwelling house erected on the real estate, subject of the first cause of action.

The parties were divorced on March 31, 1969. Following the divorce on March 31, 1969, the complaint alleges that defendant continued to occupy exclusively one portion of the double frame dwelling house referred to and received rentals for the other portion of the premises known as 26 South Manning Street, the rentals being at the rate of $60 per month. In the first count of the complaint, plaintiff also asks an accounting of the rents and moneys received by defendant as well as a portion of the reasonable rental for the premises occupied by defendant exclusively following divorce.

In November 1967, while the parties were still married to each other, they purchased from joint funds a Plymouth automobile. The complaint alleges that by oral agreement title was taken in the name of defendant as trustee for defendant and plaintiff, subject of the third cause of action.

To this complaint, defendant filed preliminary objections. Thereafter, plaintiff filed preliminary objections to defendant's preliminary objections. The matter is now before the court on the preliminary objections of plaintiff and defendant, respectively.

Succinctly, the purview of defendant's complaint alleges: (a) that it violates the Pennsylvania Rule of Civil Procedure 1555 by improperly joining a cause of action under the Act of April 27, 1927, P. L. 460,

12 PS §1791, with other causes of action which should be properly in a partition proceeding other than under the Act of 1927, supra; (b) that the complaint does not set forth material facts required to state the causes of action; (c) that in violation of the Pennsylvania Rules of Civil Procedure, plaintiff failed to attach to the complaint a copy of the deed; (d) that in violation of the Pennsylvania Rules of Civil Procedure, the complaint fails to specify the nature and extent of the interest of each party in the real estate; (e) that the complaint is indefinite and lacking in particularity; (f) that it does not aver facts giving the court jurisdiction over the personal property, subject matter of the third count.

Plaintiff in her preliminary objections to defendant's preliminary objections asked (a) that the preliminary objections raising question of jurisdiction be dismissed; and (b) that a demurrer to the preliminary objections raising the question of jurisdiction be dismissed. An examination of the preliminary objections as filed by plaintiff indicates that they can only be related to defendant's preliminary objections with respect to the third court.

Plaintiff's preliminary objections are dismissed for reasons which shall appear in the text of the court's opinion.

The action as set forth in the first count is properly brought in equity under the provisions of the Act of May 10, 1927, P. L. 884, sec. 1, 68 PS §501, which act specifically provides: "Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit in the court of common pleas, sitting in equity, of the county where

the property is situate, against the other to have the property sold and the proceeds divided between them. The summons in such suit shall be served in the same manner and with like effect as in cases of partition at law."

The Rules of Civil Procedure did not suspend the Act of May 10, 1927, supra.

The Act of June 24, 1895, P. L. 237, sec. 1, 68 PS §101, provides:

"In all cases in which any real estate is now or shall be hereafter held by two or more persons as tenants in common, and one or more of said tenants shall have been or shall hereafter be in possession of said real estate, it shall be lawful for any one or more of said tenants in common, not in possession, to sue for and recover from such tenants in possession his or their proportionate part of the rental value of said real estate for the time such real estate shall have been in possession. . . ."

It further provides:

". . . in case of partition of such real estate held in common as aforesaid, the parties in possession shall have deducted from their distributive shares of said real estate the rental value thereof to which their co-tenant or tenants are entitled."

The Act of 1895, supra, was not suspended by the Rules of Civil Procedure.

Under the foregoing legislative acts, the first cause of action is properly brought in equity.

The second cause of action relates to property held as tenants in common by the parties, the real estate having been acquired prior to their marriage. The subsequent marriage of the cotenants does not change the character of their respective estates, and they will remain tenants in common of the real estate so ac-

quired during their marriage and after their divorce. Consequently, we have two causes of action, both lying in partition and may be properly joined: Pa. R. C. P. 1555.

As to these two causes of action, they are sufficiently specific and set forth all material facts necessary to state the cause of action for which plaintiff seeks relief. A description of the real estate and a reference to the recording is set forth in the bill. The complaint does not set forth the relative interests of each of the parties in the real estate acquired prior to their marriage, and there is no statutory or legal implication from which such interest of the parties might be determined. Consequently, the second cause of action is defective in this respect.

The third cause of action seeks partition of personal property. It appears that partition of personal property jointly owned by persons who are not partners or are not husband and wife should be brought in the Court of Common Pleas under the Act of April 27, 1927, P. L. 460, sec. 1, 12 PS §1791.

Plaintiff offers no statute or rule under which the partition of personal property might be joined with the partition of real estate. Consequently, it would fall within the provisions of the Act of 1927, supra.

And now, December 7, 1970, defendant's motion to strike off the complaint is denied. Defendant's motion for a more specific complaint is allowed insofar as it relates to the failure of plaintiff to specify the nature and extent of the interest of each of the parties in a real estate sought to be partitioned in the second cause of action. Defendant's demurrer to the third cause of action is affirmed. Plaintiff's preliminary objections are overruled, and plaintiff is given 20 days from this date to file an amended complaint.